**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JEANNE ALLEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-04-1068-M |
| | ) |
| CGI MANAGEMENT, INC., | ) |
| THE COVENANT GROUP, | ) |
| SAINT ANN RETIREMENT | ) |
| CENTER, INC., | ) |
| CARL BALABAN, | ) |
| BRIAN MCCALEB, and | ) |
| JAMES HULL, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendants Carl Balaban, Brian McCaleb and James Hull's Motion to Dismiss [docket no. 18], which was filed on October 18, 2004. Plaintiff filed a timely response. The motion has been fully briefed and is now ripe for adjudication. The Court, after considering the applicable law, and the parties' submissions, now GRANTS IN PART and DENIES IN PART Defendants' motion.

## INTRODUCTION

Plaintiff was employed as a marketing director by Defendants Saint Ann Retirement Center, Inc.[1], CGI Management, Inc., and The Covenant Group. She was supervised by Defendants Carl Balaban ("Balaban") and Brian McCaleb ("McCaleb"); Defendant James Hull ("Hull") was the supervisor of the human resources department. On June 10, 2004, Plaintiff filed this action, wherein she alleges violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and

---

[1] Saint Ann Retirement Center, Inc. was voluntarily dismissed from this action by Plaintiff.

the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, and asserts various state law claims.

Specifically, Plaintiff alleges that she complained to her supervisors on numerous occasions regarding pornographic material being downloaded onto her computer by other employees, that Defendants failed to either respond to her complaints, or to conduct an investigation to determine who was responsible for these offensive actions, and that Defendants' actions and inactions created and perpetuated a hostile work environment. Additionally, Plaintiff alleges that she was terminated in retaliation for making these complaints. Plaintiff also alleges that she consistently exceeded performance expectations, received several bonuses, and received a six percent raise just three months prior to being terminated.

Defendants Balaban, McCaleb, and Hull ("Defendants") have now moved pursuant to Fed. R. Civ. P. 12(b)(6)[2] to dismiss Plaintiff's claims against them for failure to state a claim for which relief can be granted. Defendants argue that individual capacity suits under Title VII, the ADEA, and *Burk*[3] are inappropriate. Defendants also argue that if the Court dismisses the federal law claims against them, it should decline to exercise supplemental jurisdiction over Plaintiff's state law claims. Alternatively, Defendants argue that Plaintiff's state law claims should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim for which relief can be granted.

STANDARD FOR DISMISSAL

Motions to dismiss a complaint for failure to state a claim should be granted "only [when]

---

[2]Defendants also move for dismissal pursuant to Fed. R. Civ. P. 12(b)(1). Their motion, however, contains no arguments based on Rule 12(b)(1).

[3]*Burk v. K-Mart Corp.*, 770 P.2d 24 (Okla. 1989).

2

it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984). The issue in reviewing the sufficiency of Plaintiff's complaint is not whether she will prevail, but whether she is entitled to offer evidence to support her claims. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). The Court must assume as true all well pleaded facts in Plaintiff's complaint and view them in a light most favorable to the nonmoving party. *Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d 1226 (10th Cir. 1999); *Zinermon v. Burch*, 494 U.S. 113, 118 (1990). The Court must construe the pleadings liberally and make all reasonable inferences in favor of Plaintiff. *Lafoy v. HMO Colo.*, 988 F.2d 97, 98 (10th Cir. 1993). However, the Court need not accept as true the Plaintiff's conclusory allegations. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

DISCUSSION

I.      Title VII and ADEA Claims

Defendants assert that they may not be held individually liable under either Title VII or the ADEA. It is well-settled law in the Tenth Circuit that Title VII violations may only be asserted against an employer. "[P]ersonal capacity suits against individual supervisors are inappropriate under Title VII." *Haynes v. Williams*, 88 F.3d 898, 901 (10th Cir. 1996); *Sauers v. Salt Lake County*, 1 F.3d 1122, 1125 (10th Cir. 1993). Additionally, the Tenth Circuit generally interprets the ADEA in tandem with Title VII because the ADEA is based in substantial part on Title VII. *Ellis v. United Airlines, Inc.*, 73 F.3d 999, 1007 (10th Cir. 1996) (citing *Lorillard v. Pons*, 434 U.S. 575, 584 (1978) ("[T]he prohibitions of the ADEA were derived *in hac verba* from Title VII")). Because the ADEA is interpreted in tandem with Title VII, this Court finds that personal capacity suits against individual supervisors are inappropriate under the ADEA. *See Miller v. Maxwell's Int'l,*

*Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993) (held that individual defendants cannot be held liable under the ADEA).  The Court, therefore, finds that Plaintiff cannot assert a Title VII or ADEA claim against her individual supervisors.  Accordingly, the Court finds that Plaintiff's Title VII and ADEA claims against Defendants should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

II.     Supplemental Jurisdiction Over Plaintiff's State Law Claims

Jurisdiction over Plaintiff's state law claims arises under 28 U.S.C. § 1367(a) which provides, in part: "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution".  "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . (3) the district court has dismissed *all* claims over which it has original jurisdiction." 28 U.S.C. § 1367(c) (emphasis added).

Section 1367(a) is a broad grant of supplemental jurisdiction over claims within the same case or controversy.  *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 125 S.Ct. 2611, 2620 (2005). As such, when the complaint contains at least one claim as to which there are no jurisdictional defects, "the district court, beyond all question, has original jurisdiction over that claim. . . . The presence of other claims in the complaint, over which the district court may lack original jurisdiction, is of no moment." *Id*. at 2619-20.  "If the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a 'civil action' within the meaning of § 1367(a), even if the civil action over which it has jurisdiction comprises fewer claims than were included in the complaint." *Id*.  As long as one of the parties to the action has federal claims

4

pending against it, the court has mandatory supplemental jurisdiction over all related claims and parties. *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1568-69 (11th Cir. 1994).

In this case, Defendants assert that if the Court dismisses the federal law claims against them, then it should decline to exercise supplemental jurisdiction over the state law claims against them pursuant to 28 U.S.C. § 1367(c)(3). Having carefully reviewed the Complaint, the Court finds the state law claims against Defendants are so related to the claims asserted against Defendants CGI Managment, Inc. and The Covenant Group[4] that they form part of the same case or controversy. Accordingly, the Court finds that it is appropriate to exercise supplemental jurisdiction over Plaintiff's state law claims.

III.   *Burk* Claims

Plaintiff asserts several state law tort claims under *Burk*, Oklahoma's narrow public policy tort exception to the employment-at-will doctrine. Defendants argue that a *Burk* tort can only be asserted against an employer and cannot lie against them in their individual capacity. Having reviewed the parties' submissions, and the applicable law, the Court finds that personal capacity suits against individual supervisors are inappropriate under *Burk*. *See Tesh v. United States Postal Service*, 215 F.Supp.2d 1220, 1229-30 (N.D. Okla. 2002). Accordingly, the Court finds that Plaintiff's *Burk* claims against Defendants should be dismissed.[5]

IV.   Intentional Infliction of Emotional Distress Claim

---

[4]The Title VII and the ADEA claims against these Defendants have not been dismissed and form the basis for the Court's original jurisdiction pursuant to 28 U.S.C. § 1331.

[5]In light of this conclusion, the Court need not address Defendants' alternative assertions regarding the adequacy of Plaintiff's statutory remedy under the ADEA in relation to her *Burk* tort claim.

Defendants move the Court to dismiss Plaintiff's intentional infliction of emotional distress claim and assert that plaintiff has not made any allegations in her Complaint that show either outrageous conduct on the part of Defendants or emotional distress on the part of Plaintiff. However, "[a]t the pleading stage, general factual allegations of injury from the defendant's conduct may suffice, for on a motion to dismiss we 'presum[e] that general allegations embrace those specific facts that are necessary to support the claim.'" *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (quoting *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 889 (1990)). Therefore, upon construing Plaintiff's Complaint liberally, and deeming the factual allegations as true, the Court finds that Plaintiff has sufficiently plead a claim of intentional infliction of emotional distress, and that the dismissal of this claim is inappropriate.

## CONCLUSION

For the reasons discussed in detail above, the Court hereby GRANTS IN PART and DENIES IN PART Defendants' Motion to Dismiss [docket no. 18], and DISMISSES Plaintiff's Title VII, ADEA, and *Burk* tort claims against Defendants Balaban. McCaleb, and Hull.

**IT IS SO ORDERED this 30th day of September, 2005.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE